## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

**EXUDE LLC,**

        **Plaintiff,**

        **v.**

**IMY LLC and YMI JEANSWEAR INC.,**

        **Defendants.**

</td><td>

**Civil Action No.**

**COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT AND NO UNFAIR COMPETITION OR FALSE DESIGNATION OF ORIGIN**

**ECF CASE**

</td></tr>
</table>

1.      Plaintiff Exude LLC ("Exude") by and through its undersigned attorneys, for its Declaratory Judgment Complaint for non-infringement against defendants IMY LLC and YMI Jeanswear Inc. ( collectively, "YMI"), alleges as follows:

### INTRODUCTION

2.      Exude is a designer, importer and marketer of apparel.  A style of women's jeans bearing Exude's GENERRA trademark have a back pocket shape consisting of an obtuse angle meeting a curved line.

3.      YMI also sells women's jeans that feature a back pocket shape consisting of an obtuse angle meeting a curved line.  YMI has sent a cease and desist letter objecting to Exude's back pocket shape and threatening litigation.  Contrary to YMI's assertions, its back pocket shape is not a valid, enforceable trademark, as it is a common shape and does not indicate YMI as a source of origin.  YMI's invalid enforcement actions will cause irreparable harm to Exude's business activities.

**NATURE OF ACTION**

4.      This is an action for declaratory judgment which arises under the Lanham

Act, 15 U.S.C. § 1051, *et seq.*  By this action, Plaintiff seeks a declaration that YMI does

not have a valid trademark in its back pocket shape and that Exude and its affiliates and

licensees have not infringed the asserted trademark rights of Defendants in their jeans

back pocket shape by virtue of the use, distribution and sales,  by Plaintiffs and its

affiliates and licensees, of jeans bearing the specific jeans pocket shape at issue.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with

respect to the claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and

pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this

is an action brought pursuant to the Lanham Act and a substantial part of the events

giving rise to Defendants' claims occurred within this district.

**THE PARTIES**

7.      Exude is a limited liability company duly organized and existing under the

laws of Delaware, located and doing business at 499 Seventh Avenue, New York, New

York 10018.

8.      Defendant IMY LLC is a limited liability company organized and existing

under the laws of the State of California with a principal place of business at 1155 South

Boyle Avenue, Los Angeles, California, 90023.

9.      On information and belief, defendant YMI Jeanswear Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business at 1155 South Boyle Avenue, Los Angeles, California, 90023.

10.      On information and belief, Defendants operate a website located at <ymijeans.com> that sells YMI products, including those at issue in this case, directly to consumers, including on information and belief consumers in this judicial district.

11.      Personal jurisdiction over Defendants exists because Defendants (i) transact business within this State and judicial district through the direct sales of goods to consumers through their website, indirect sale of their clothing products through intermediate retailers, and other activities, (ii) regularly do or solicit business within this State and judicial district, (iii) derive substantial revenue from intrastate and interstate commerce; and (iv) because Defendants expected or should have reasonably expected their actions to have injurious consequences to Plaintiff within this State and judicial district.

## FACTUAL BACKGROUND

### The Back Pocket Designs

12.      Exude is a designer, importer and marketer of apparel.

13.      Certain jeans featuring Exude's GENERRA trademark have back pockets comprised of a curved line on the exterior side connecting to an obtuse angle on the interior side (the "Exude Back Pocket Shape").  A true and correct photograph of the Exude Back Pocket Shape is below:



14.     YMI are the proprietors and sellers of women's jeans under the brand name "Wanna Betta Butt".

15.     YMI sells women's jeans that feature back pockets comprised of a curved line on the exterior side connecting to an obtuse angle on the interior side (the "YMI Back Pocket Shape").  A true and correct photograph of a "Wanna Betta Butt" jeans back pocket is below:



4

**Defendants' Threat of Legal Proceedings Against Plaintiff**

16.     On or about September 1, 2015, Exude received a cease and desist letter

from counsel for YMI, with the subject line "Trademark Infringement Matter Mark:

Pocket Design".  A true and correct copy of the letter and its enclosures is attached as

**Exhibit A**.

17.     In said letter, Defendants' counsel took issue with Plaintiff's offering for

sale of pants featuring the Exude Back Pocket Design. The following are excerpts from

said letter, which are typical:


...It has come to our attention Exude LLC ("Exude") is offering

pants incorporating YMI's distinctive back pocket shape employed in the

WBB jeans....

...If Exude is interested in resolving this matter short of litigation,

we require Exude immediately cease all sales of the infringing pants...

...Exude's offensive attempt to trade on the goodwill of YMI's

intellectual property will not be tolerated...

**YMI's Other Litigation Relating to the YMI Back Pocket Shape**

18.     Defendants have initiated several lawsuits within the past year asserting

that third parties have infringed on marks that implicitly include the YMI Back Pocket

Shape.

19.     YMI filed a complaint against ABM Jeans Inc., Civil Case No. 15-CV-1852, in the District Court for the Central District of California alleging false designation of origin, unfair competition and trademark infringement of, *inter alia*, the "YMI Pocket Design Mark" consisting of a "very unique and recognizable combination and placement of shapes, location and stitching".

20.     YMI additionally filed a complaint against Cavalini, Inc., Civil Case No. 15-CV-1853, in the District Court for the Central District of California alleging false designation of origin, unfair competition and trademark infringement of, *inter alia*, the "YMI Pocket Design Mark" consisting of a "very unique and recognizable combination and placement of shapes, location and stitching".

21.     On July 31, 2015, YMI filed a complaint against Street Denim, Inc., Civil Case No. 15-CV-5821, in the District Court for the Central District of California alleging false designation of origin, unfair competition and trademark infringement of, *inter alia*, the "Y.M.I. Design Mark" consisting of a "very unique and recognizable combination and placement of stitching, seams and pocket designs on the back side of the jeans".

22.      As evidenced by these actions, YMI has repeatedly used litigation to attempt to enforce its rights in its alleged marks.

23.     Based on Plaintiff's current sales of jeans with the Exude Back Pocket Shape, Defendants' threat of litigation concerning the YMI Back Pocket Shape, and Defendants' multiple litigations involving the YMI Back Pocket Shape, Plaintiff has an objective apprehension of litigation initiated by Defendants.

6

24.     By virtue of the foregoing, there is an actual, present and justiciable controversy between Plaintiff and Defendants, and Plaintiff is compelled to seek a declaration from this Court that Defendants do not have a valid trademark in the YMI Back Pocket Shape and that Plaintiff's advertising, promotion, offering for sale and sale of jeans bearing the Exude Back Pocket Shape does not infringe the YMI Back Pocket Shape, unfairly compete with it, or falsely designate Plaintiff as the origin.

**The United States Patent and Trademark Office Has Continuously Rejected Defendants' Claim That The YMI Back Pocket Shape Is a Trademark**

25.     YMI has attempted to obtain a federal trademark registration for the YMI Back Pocket Shape, but the United States Patent and Trademark Office (the "US PTO") has repeatedly refused to register the YMI Back Pocket Shape.

26.     Specifically, on November 4, 2014, defendant IMY LLC filed an intent-to-use trademark application, Serial No. 86444596, to protect the below alleged mark on the Principal Register of the US PTO (with a disclaimer of all portions in dotted lines):



27.     IMY described the above mark as follows to the Trademark Examining

Attorney:

"two belt loops above two connecting arches above two stitching patterns on two pockets each consisting of four curving lines that extend from one side of the pocket to the other crossing over each other forming an oval shape extending downward in the middle of the pattern, the shape of the pocket as consisting of a curved line on one side and a straight line on the other side with a single obtuse angle where the lines meet at the bottom of the pocket design and a stitching pattern on the bottom of the pocket design consisting of lines mirroring the curved line on one side and the straight line on the other side that meet at the bottom of the pocket design."

28.     On March 13, 2015 the US PTO issued an Office Action refusing the

application on the basis that: (i) "the applied-for mark, as used on the specimen of

record, is merely a decorative or ornamental feature of the goods, and as such does not function as a trademark to indicate the source of applicant's goods and to identify and distinguish them from others" and (ii) the outline of the back pockets, among other portions of the mark, are non-distinctive and incapable of functioning as a mark as "they are so common in the industry for such products".  A true and correct copy of the March 13, 2015 Office Action is attached as **Exhibit B**.

29.     On April 15, 2015, IMY LLC submitted a response to the Office Action, that stated, *inter alia*, that the YMI Back Pocket Shape is "unique and the Applicant is the only pants manufacturer using this distinctive design."  A true and correct copy of the April 15, 2015 response is attached as **Exhibit C**.

30.     In response to continued objections by the Trademark Examining Attorney, IMY LLC amended its application on August 5, 2015 to seek registration on the Supplemental Register, not the Principal Register, and to only protect the YMI Back Pocket Shape and the stitching pattern on the back pockets, as shown in the non-dotted lines of the new proposed mark:



31.      The Supplemental Register is reserved for marks that are not yet eligible

for registration on the Principal Register, but may, over time, become a source indicator

if they acquire distinctiveness, also known as "secondary meaning".

32.      On September 3, 2015, the US PTO issued a fourth Office Action refusing

to register the YMI Back Pocket Shape and stitch pattern design on the Supplemental

Register, on the additional basis that the YMI Back Pocket Shape was functional

because "the angled and curved back pocket shape is designed to flatter or enhance

the wearer's posterior and common use in the industry reflects that there are few

alternative designs available."  As evidence of the YMI Back Pocket Shape's

functionality, the Examining Attorney included an image from Defendants' website and

highlighted the text "OUR UNIQUE BACK POCKETS HELP COMPLEMENT YOUR

CURVES & EMHANCES [sic] YOUR SHAPE".  A true and correct photograph of this

evidence is below:



A true and correct copy of the September 3, 2015 Office Action is attached as **Exhibit**

**D**.

      33.     On four separate occasions the US PTO has refused to register the YMI

Back Pocket Shape as part of a trademark on both the Principal Register and the

Supplemental Register.


**COUNT I**
**DECLARATION UNDER 28 U.S.C. §2201 OF**
**<u>NON-INFRINGEMENT OF TRADEMARK</u>**

      34.     Plaintiff repeats and realleges each allegation contained in paragraphs 1

through 33 as if set forth in full herein.

      35.     In their cease and desist letter, Defendants contended that the YMI Back

Pocket Design is a protectable trademark.

      36.     The YMI Back Pocket Shape is not an enforceable trademark because it is

functional.

37.     The YMI Back Pocket Shape is not an enforceable trademark because it has not acquired secondary meaning.

38.     The YMI Back Pocket Shape is not an enforceable trademark because it is merely ornamental.

39.     The YMI Back Pocket Shape is not an enforceable trademark because it is not inherently distinctive.

40.     The YMI Back Pocket Shape is not an enforceable trademark because it does not function as an indicator of source.

41.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning whether Plaintiff, based on its use, advertising, marketing and sales activities by Plaintiff and its affiliates and licensees with respect to jeans bearing the Exude Back Pocket Shape, has infringed and is infringing Defendants' trademark rights in the YMI Back Pocket Shape.

42.     Plaintiff and its affiliates and licensees have not infringed and are not infringing, directly or indirectly, contributorily, by inducement or otherwise, any valid trademark rights that Defendants own in the YMI Back Pocket Shape.

43.     Accordingly, Plaintiff requires a judicial determination of the rights and duties of the parties under 15 U.S.C. §§1125(a), the laws of the State of New York and the common law, and a declaratory judgment that Plaintiff and its affiliates and licensees' use of the Exude Back Pocket Shape does not infringe, directly or contributorily, any valid trademark rights in the YMI Back Pocket Shape held by

12

Defendants.

**COUNT II**
**DECLARATION UNDER 28 U.S.C. §2201 OF**
**NO FALSE DESIGNATION OF ORIGIN**

44.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 43 as if set forth in full herein.

45.     An actual controversy has arisen and now exists between Plaintiff and Defendant concerning whether Plaintiff and its affiliates and licensees' advertising, marketing and sales activities with respect to jeans bearing the Exude Back Pocket Shape constitutes false designation of origin.

46.     Accordingly, Plaintiff requires a judicial determination of the rights and duties of the parties under the trademark laws of the United States (including but not limited to 15 U.S.C. §1125 (a)), the laws of the State of New York, and the common law with respect to the Exude Back Pocket Shape, and a declaratory judgment that Plaintiff and its affiliate and licensees' use of the Exude Back Pocket Shape does not constitute false designation of origin.

**COUNT III**
**DECLARATION UNDER 28 U.S.C. §2201 OF**
**NO UNFAIR COMPETITION**

47.     Plaintiff repeats and realleges each allegation contained in paragraphs 1 through 46 as if set forth in full herein.

48.     An actual controversy has arisen and now exists between Plaintiff and Defendants concerning whether Plaintiff and its affiliates' advertising, marketing and

13

sales activities with respect to the Exude Back Pocket Shape constitutes unfair competition.

49.     Accordingly, Plaintiff requires a judicial determination of the rights and duties of the parties under the trademark laws of the United States (including but not limited to 15 U.S.C. §1125 (a)), the laws of the State of New York, and the common law with respect to the Exude Back Pocket Shape, and a declaratory judgment that Plaintiff and its affiliates and licensees' use of the Exude Back Pocket Shape does not constitute unfair competition with Defendants and any of their valid trademark rights in the YMI Back Pocket Shape.

**WHEREFORE**, Plaintiff demands judgment:

A.     That the Court issue a declaration that Plaintiff's use, and any use by its affiliates, parent companies, subsidiaries, licensees, or parents' subsidiaries, of the Exude Back Pocket Shape on women's jeans does not infringe, directly or contributorily, any valid trademark rights in the YMI Back Pocket Shape held by Defendants, under 15 U.S.C. §§1125(a), the laws of the state of New York, or the common law;

B.     That the Court issue a declaration that Plaintiff's use, and any use by its affiliates, parent companies, subsidiaries, licensees or parents' subsidiaries, of the Exude Back Pocket Shape on women's jeans does not constitute false designation of origin with respect to any valid trademark rights in the YMI Back Pocket Shape held by Defendants, under 15 U.S.C. §§1125(a), the laws of the state of New York, or the common law;

14

C.     That the Court issue a declaration that Plaintiff's use, and any use by its affiliates, parent companies, subsidiaries, licensees or parents' subsidiaries, of the Exude Back Pocket Shape on women's jeans does not constitute unfair competition with respect to any valid trademark rights in the YMI Back Pocket Shape held by Defendants, under 15 U.S.C. §§1125(a), the laws of the state of New York, or the common law;

D.     That the Court issue a declaration that the YMI Back Pocket Shape is not an enforceable trademark because it is functional.

E.     That the Court issue a declaration that the YMI Back Pocket Shape is not an enforceable trademark because it is merely ornamental.

F.     That the Court issue a declaration that the YMI Back Pocket Shape is not an enforceable trademark because it has not acquired secondary meaning.

G.     That the Court issue a declaration that the YMI Back Pocket Shape is not an enforceable trademark because it is not inherently distinctive.

H.     That the Court issue a declaration that the YMI Back Pocket Shape is not an enforceable trademark because it does not function as an indicator of source.

I.     That Plaintiff and its affiliates, parent companies, subsidiaries, licensees or parents' subsidiaries, are not violating any rights of Defendant with respect to any trademark at issue;

J.     That the Court award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. §1117 (A);

K.     That Plaintiff be awarded its costs to the extent permitted by law; and

L.      That Plaintiff be awarded such other and further relief as the Court may

deem just and proper.

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue, 8th Fl.
New York, New York 10016
Tel. (212) 684-3900

By: _____
        Marc Misthal (MPM 6636)
        mmisthal@grr.com
        Jonathan Purow (JP 0052)
        jpurow@grr.com

Dated: September 11, 2015
         New York, New York

16